Eli ATTIA, Plaintiff–Appellant,

v.

SOCIETY OF The NEW YORK HOSPI-
TAL, also known as New York Hospi-
tal, Hellmuth Obata & Kassabaum,
Inc., Taylor Clark Architects, Inc.,
HOK/TCA Associated Architects, De-
fendants–Appellees.

Docket No. 00–9027.

United States Court of Appeals,
Second Circuit.

June 19, 2001.

Eli Attia, Brooklyn, NY, pro se.

Richard P. Jacobson, Colucci & Umans, N.Y., NY, for appellees.

Present KEARSE, STRAUB, and SACK, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by plaintiff *pro se* and by counsel for defendants.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

Plaintiff *pro se* Eli Attia, whose claims for copyright infringement and violation of the Lanham Act have previously been rejected on the merits, *see, e.g.,* 201 F.3d 50 (2d Cir.1999), *cert. denied,* 531 U.S. 843, 121 S.Ct. 109, 148 L.Ed.2d 67 (2000), appeals from an order of the United States District Court for the Southern District of New York, Jed S. Rakoff, *Judge,* awarding defendants $38,935.76 in attorneys' fees and costs pursuant to 17 U.S.C. § 505 on account of Attia's misrepresentation, prior to judgment, that certain of his exhibits were copyrighted material when, in fact, they were not. On appeal, Attia contends principally that the district court erred in failing to find (a) that his misrepresentation was an irrelevant and technical mistake, and (b) that the misrepresentation did not cause defendants to expend any legal effort for which they should be reimbursed. We find no basis for reversal.

■ In a copyright action, the district court's decision whether to award attorneys' fees may be overturned only for abuse of discretion, a highly deferential standard of review. *See, e.g., Matthew Bender & Co. v. West Publishing Co.,* 240 F.3d 116, 121 (2d Cir.2001). An abuse of discretion may consist of an error of law or a clearly erroneous finding of fact. *See generally Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

■ We see no error of law in the district court's decision to award costs and fees. Indeed, Attia's brief on appeal contains no citation of law on the subject of costs or attorneys' fees.

Nor do we see any clear error in the court's factual findings. The district court found that "it is beyond reasonable dispute that plaintiff misrepresented to this Court that certain exhibits submitted to the Court were plaintiff's copyrighted material when, in fact, they were not." Memorandum Order dated July 6, 2000, at 2. Following a hearing, the court found that, whether or not the misrepresentation was intentional, "defendants were required to expend substantial legal efforts in responding to plaintiff's inaccurate submissions that defendants would not otherwise have had to undertake," *id.* The district judge had presided over the earlier proceedings in this case, was familiar with the parties' contentions, and was in the best position to assess whether, and to what extent, Attia's representations that certain documents were copyrighted required any response by defendants. Attia's brief on appeal provides no basis for a conclusion that the court's findings are clearly erroneous.

■ Attia's contention that the award was designed simply to punish him for pursuing his rights is not supported by the record. The court denied defendants' motion for an award of more than $800,000, sought on the basis that Attia's entire action was frivolous. In determining the amount of fees and costs to be awarded, the court made findings as to the reasonable amounts of time spent in preparing papers on, and in preparing for and pre-

senting oral argument with respect to, the misrepresented documents; as to the reasonableness of defendants' attorneys' billing rates; and as to the reasonable out-of-pocket expenditures occasioned by the misrepresentations. (Attia has made no challenge directed toward these particularized findings as to the components of the award.) Plainly the award was designed to compensate defendants for efforts and expenses that would have been unnecessary had it not been for Attia's misrepresentations, and such an award was well within the court's discretion.

To the extent that Attia argues that it is unfair to award attorneys' fees to defendants because they "plagiari[zed]" and "misappropriat[ed his] design" (Attia brief on appeal at 14), he seeks to revisit the merits of his copyright infringement action. Those arguments are foreclosed by the prior dismissal of his claims, which has been affirmed on appeal. To the extent that Attia makes additional arguments that were not made in the district court, those arguments are not properly before us.

We have considered all of Attia's arguments that are properly before us and have found them to be without merit. We see no abuse of discretion in the award of attorneys' fees. The order of the district court is affirmed.

Defendants are awarded normal costs of this appeal.